UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUNIOR COLLINS,

                                    Plaintiff,

      v.

J. CLINTON, Deputy Superintendent Program,
et al.,

                                  Defendants.
_____

REPORT & RECOMMENDATION

17-CV-6462G

**PRELIMINARY STATEMENT**

Plaintiff Junior Collins ("Collins") initiated this action *pro se* on July 13, 2017, asserting claims under 42 U.S.C. § 1983 for alleged First Amendment and Due Process violations. (Docket ## 1, 12). By Order of Hon. Frank P. Geraci, Jr., Chief United States District Judge, dated November 26, 2018, all pretrial matters in the above captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 20). On February 15, 2019, this Court issued to Collins an Order to Show Cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York. (Docket # 26). Collins did not respond to the Order to Show Cause.

On December 4, 2018, this Court scheduled a Rule 16 conference to be held on January 3, 2019, at 10:00 a.m. (*See* Docket, 12/4/18 Notice). Notice was sent to Collins at his docketed address.[1] On January 3, 2019, Assistant Attorney General Hillel D. Deutsch, counsel

---

[1] Collins was incarcerated when he filed his Complaint. (Docket # 1). He was subsequently released and notified the Court of his change of address on January 5, 2018. (Docket # 11). *See* W.D.N.Y. Local Rule 5.2(d) ("a

2

for defendants, appeared for the scheduled conference, but plaintiff did not appear. (Docket # 25). On January 3, 2019, this Court issued an Order rescheduling the conference to February 14, 2019, at 10:00 a.m., and a copy of the Order was sent to Collins. (Docket # 24). The Order further advised Collins that **"should plaintiff fail to appear for the February 14, 2019 scheduling conference, this Court will issue an Order to Show Cause why the case should not be dismissed."** (*Id.*). The Order provided that Collins could appear telephonically, rather than in person, provided he made arrangements in advance with chambers. (*Id.*). On February 14, 2019, Mr. Deutsch appeared for the conference, but Collins again failed to appear without notice or excuse. (Docket # 27).

On February 15, 2019, this Court issued the pending Order to Show Cause. (Docket # 26). The Order to Show Cause directed Collins to respond by March 6, 2019. (*Id.*). It warned Collins, "Failure to comply with this order will result in the recommendation of the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b)." (*Id.*). Collins did not respond by the deadline or otherwise contact the Court.

On this record, this Court recommends that the district court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

## **DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

---

*pro se* litigant must inform the Court immediately, in writing, of any change of address[;] [f]ailure to do so may result in dismissal of the case, with prejudice"). He has not updated his address since then. The Court's orders and correspondence referenced herein have been sent to Collins at his address of record, and the Court has received no notice that any have been returned as undeliverable.

2

>claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966). In addition, the Local Rules of Civil Procedure for the United States District Court for the Western District of New York provide that "[i]f a civil case has been pending for more than six (6) months and is not in compliance with the directions of the Judge or a Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute." W.D.N.Y. Local Rule 41(b).

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331

(2d Cir. 1956)).  Dismissal is considered "a harsh remedy to be utilized only in extreme situations."  *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted).  Nevertheless, applying these standards, courts frequently have found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time.  *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [*pro se* plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (*pro se* plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases).

In the case at bar, Collins has not communicated with the Court since January 5, 2018, when he filed a notice of change of address.  (Docket # 11).  He has twice failed to appear for court-ordered conferences.  When he first failed to appear, he was warned that if he did not appear at the rescheduled conference, his case could be dismissed.  Likewise, the Order to Show Cause warned Collins that his failure to respond would result in a recommendation by this Court to dismiss the action.  (Docket # 26).  Because Collins has not complied with the Court's order to appear for a Rule 16 scheduling conference, has not responded to the Order to Show Cause, and has not communicated with the Court in any way in well over one year, his case should be dismissed.

## **CONCLUSION**

For the foregoing reasons, it is the recommendation of this Court that the district court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

<i>s/Marian W. Payson</i><br>
MARIAN W. PAYSON<br>
United States Magistrate Judge

Dated:  Rochester, New York
        April 3, 2019

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See*, *e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                    *s/Marian W. Payson*
                    MARIAN W. PAYSON
                    United States Magistrate Judge

Dated: Rochester, New York
       April 3, 2019